UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN KEITH HEBERT, *et al.*, )
)
    Plaintiffs, )
)
v. ) Civil Action No.: 1:18-cv-02440 (UNA)
)
)
UNITED STATES OF AMERICA, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint ("Compl.") and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because, under the statute governing IFP proceedings, the Court is required to dismiss a case "at any time" if it determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff has filed a 61-page prolix complaint. He sues approximately 53 defendants, including, but not limited to: Congress and some of its members, various government agencies and their employees, the current and past Presidents, the United Nations, certain insurance companies and law firms, Pope Francis, and [sic] "THE PLANET EARTH." Compl. at 1–4. Plaintiff attempts to bring this suit individually and on behalf of [sic] " 'THE GODS', Specifically ORION, 'GOD of Hunting', AND, the 'HOLY SPIRIT[.]' " *Id.* at 1.

The complaint consists of rambling and unconnected statements. Plaintiff alleges that defendants are [sic] "(Unprivileged Belligerents and Co-Belligerents to (Unlawful Combatants) of an (International Conflict) . . ." who have committed acts of eternal sin, violating inalienable rights

1

and the law of nature. *Id.* at 4–5. The bulk of the complaint contains an inexplicable discussion of religious imagery and disparate arcane references to various authority. *See, e.g., id.* at 7–8, 14–17, 19–22, 27–30, 36–8, 45–6, 49–50. Plaintiff seeks billions of dollars in damages and requests other incomprehensible relief, including executions and the provision of a new identity. *Id.* at 4, 43–50.

Complaints premised on fantastic or delusional scenarios or supported wholly by allegations lacking "an arguable basis either in law or in fact" are subject to dismissal as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind.").

The instant complaint satisfies this standard and warrants dismissal with prejudice. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (A dismissal with prejudice is warranted upon determining "that 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (other citation omitted)). A separate Order accompanies this Memorandum Opinion.

Date: November 3, 2018

United States District Judge